

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7287

Re: Commission to be paid the
Delinquent Tax Collector
and the Tax Assessor-Collector
of Collingsworth County for
the collection of delinquent
taxes.

Under the facts as outlined in your letter of July 10, 1946, we are requested in substance to answer the following questions:

1. Where, after the redemption period has expired, property acquired by the State at a foreclosure tax sale is sold by the State for an amount over and above the amount of the taxes, penalty, interest and costs provided for in the judgment, is the County Delinquent Tax Collector or the County Assessor-Collector due a commission on such excess?

2. Are such officials under the foregoing circumstances due a commission on court costs collected, including costs allowed the Assessor Collector and included in the judgment?

We answer the above questions in the negative.

The specific instance cited by you is of a delinquent tax attorney employed by the County under the provisions of Articles 7335 and 7335a, V. A. C. S. The copy of the contract between the attorney and the Commissioners' Court furnished us shows that the compensation of the attorney is fixed at 15% "of the amount collected of all delinquent taxes, penalty and interest of the years covered hereby, actually collected and paid to the Collector of Taxes . . ." Compensation due the said attorney is limited to

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page 2

that stated in said contract.

Commissions of the County Assessor-Collector for collecting taxes are fixed by Articles 3939 and 7331, Revised Statutes.

Article 3939 provides:

"There shall be paid for the collection of taxes as compensation for the services of the collector . . . 5% on the first $10,000 collected for the State. . .; for collecting the County taxes, 5% on the first $5,000 of such taxes collected.' . . ."

Article 7331 provides:

". . . For the collection of delinquent taxes on real estate and for performing all duties relating to such taxes for which no compensation is otherwise provided, the tax collector shall receive five per cent of all delinquent taxes collected by him."

Answering the first question, we are of the opinion that neither of the parties above mentioned is entitled to a commission on the excess realized at the tax sale. Such excess is not a tax. Nor is it penalty or interest. Rather it is over and above the taxes, penalty and interest, and is in a sense a profit derived by the State from the sale of real estate which it has purchased.

"A tax collector may properly claim commission only on sums actually collected as taxes. . ." 61 C. J. 1016.

Such excess being neither taxes, penalty nor interest, we are constrained to hold that no commission is due thereon to the parties above mentioned.

The second question deals with costs. Article 7331, i. c., provides that certain fees due the Tax Collector shall be taxed as costs against the delinquent taxpayer. Costs, in our opinion, are neither taxes nor penalties nor interest; and no

Honorable George H. Sheppard, page 3


commissions are due the parties in question for the collection of same. See 61 C. J. 1016, footnote 18 (a) (3).

The statutes dealing with delinquent taxes and their collection frequently refer to "taxes, penalties, interest and costs," thus showing that there is a definite distinction between these several items. See, for example, Article 7345b, Section 12, and Article 7328, V. A. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    J. Arthur Sandlin
       J. Arthur Sandlin
           Assistant

JAS/JCP